Albert **ADELMAN**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 14360.

United States Court of Appeals Ninth Circuit.

Nov. 1, 1954.

Samuel T. Bull, Reno, Nev., for appellant.

Madison B. Graves, U. S. Atty., Franklin P. R. Rittenhouse, Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before DENMAN, Chief Judge, and HEALY and CHAMBERS, Circuit Judges.

DENMAN, Chief Judge.

Adelman appeals from a judgment in a jury tried case sentencing him to ten years in the penitentiary on an indictment charging that he did, after importation, knowingly and unlawfully receive, conceal and facilitate the transportation of a certain narcotic drug, to-wit, approximately one grain of heroin, which said heroin, as the defendant then and there well knew, had been imported into the United States of America contrary to law, in violation of Section 174, Title 21 United States Code Annotated.

The concluding sentence of 21 U.S.C.A. § 174 reads:

"Whenever on trial for a violation of this subdivision the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

The accused took the stand but made no effort to sustain his burden of proof that the heroin was not imported or that he otherwise was entitled to possess it under other provisions of the Narcotic Drugs Import and Export Act.

The sole contention of Adelman is that the District Court erred in denying his motion for an acquittal on the ground that the United States failed to produce evidence to constitute a prima facie case against him of the possession of the heroin. The evidence is as follows:

Adelman and one Allen drove from San Francisco to Reno to gamble. They took a room at the Pony Express Motel in Sparks, just outside of Reno. After a night of gambling they drove to their motel followed by four police officers who were travelling in two automobiles.

When Adelman and Allen got out of their car and had walked a short distance toward their room they were stopped by the police officers. One of them then "frisked" Adelman for the possession of concealed weapons. The four officers, Allen and appellant then proceeded to Adelman's motel room. In the course of this procession two of the officers, Eberling and Backer, saw appellant flip a tiny package from his hand to his left onto a driveway. The other two officers did not see Adelman flip anything to the ground. About an hour and a half was consumed searching the motel room.

No one investigated this small package which looked like a piece of paper until approximately one hour and a half after the two officers testified seeing it thrown to the driveway. On leaving the motel they again passed the package and Adelman tried to conceal it by dropping a newspaper on it. Eberling then picked up the package and took it to the police station where it was opened. It contained heroin.

Appellant points out that two of the officers testified they did not see the package thrown but this is explained on the ground that they were not in position to see it. Adelman denied throwing the package; his credibility was impeached on cross examination when he admitted a prior felony conviction. Appellant also argues there is no proof the object which was flipped to the ground was the same object later picked up. But there is evi-

dence in the testimony of his attempt to conceal it by dropping the newspaper.

■■ "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 469, 86 L.Ed. 680. Accord: Woodward Laboratories v. United States, 9 Cir., 198 F.2d 995; United States v. Manton, 2 Cir., 107 F.2d 834. We think the evidence sufficient to sustain the verdict. The judgment is affirmed.